1998 OK CIV APP 50

**Linda WATSON, Plaintiff/Appellant,**

v.

**David BATTON, Richie Bishop, and Oklahoma Farmers Union Mutual Insurance Company, Defendant/Appellee.**

**No. 89828.**

Court of Civil Appeals of Oklahoma, Division No. 1.

March 20, 1998.

---

Jeff R. Laird, Jr., Oklahoma City, for Plaintiff/Appellant.

Kenneth A. Brokaw, Oklahoma City, for Appellee, Oklahoma Farmers Union Mutual Insurance Company.

Regena McNeill Walsh, Oklahoma City, for Appellee, David Baton.

Eileen M. Morris, Oklahoma City, for Appellee, Richie Bishop.

## OPINION

GARRETT, Judge:

¶1 Appellant, Linda Watson, was involved in an automobile accident with a vehicle driven by Appellee, David Batton, on October 4, 1995. Six months later, on April 8, 1996, Appellant was involved in another automobile accident. This time the other driver was Appellee, Richie Bishop. In this action, she sued Batton, Bishop, and her own insurance carrier, Oklahoma Farmers Union Mutual Insurance Company. She alleged that Batton and Bishop negligently caused her injuries and each of them were jointly and severally liable to her because the injuries could not be separated. She also alleged that her insurance company would be liable to her on the uninsured or under insured coverage of her policy, if Batton's or Bishop's liability insurance was insufficient to adequately compensate her for her injuries.

¶2 The defendant insurance company moved to dismiss for improper joinder because Watson had joined two separate claims for two separate and unrelated automobile accidents against separate defendants into a single lawsuit which was contrary to law. See 12 O.S.1991 § 2020. Section 2020 provides, in pertinent part:

A. PERMISSIVE JOINDER.

\* \* \*

2. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative:

    a. any right to relief in respect of or arising out of the same transaction or occurrence, or

    b. if the claims arise out of a series of transactions or occurrences and any question of law or fact common to all defendants will arise in the action, or

    c. if the claims are connected with the subject matter of the action.

The company contended Watson's petition alleged a right to relief which arose out of two separate occurrences; there was no common question of law or fact; and, there were two different subject matters in the action which were the two separate automobile accidents. In effect, it alleged two causes of action were misjoined.

¶3 The court dismissed the action based on improper joinder. Watson filed a motion to reconsider (which is treated as a motion for new trial) and contended the court was obliged to allow joinder of the actions. She

cites 12 O.S. § 2020(A)(2)(b) and contends the actions arose out of a series of occurrences and, there are common questions of law or fact. She also contended the court erred in dismissing the action because even if a misjoinder of parties had occurred, 12 O.S. 1991 § 2021 requires such claims to be severed and proceeded with separately. Section 2021 provides:

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

The motion to reconsider was denied. Watson appeals.

¶4 Watson contended below she had received similar injuries in both accidents. She contended Batton and Bishop were joint tortfeasors because the injuries could not be separated, which she terms an "indivisible injury". She relied on *Lee v. Volkswagen of America, Inc.,* 1984 OK 48, 688 P.2d 1283. In *Lee,* a plaintiff who was severely injured in an automobile collision brought a combined negligence/products liability action against the other driver and the manufacturer of plaintiff's automobile on "second impact" defect theory. In a "second impact" products liability action against an automobile manufacturer, a manufacturer is liable for damages only if plaintiff can prove that he suffered injuries as a result of latent defect or "second impact" in addition to those suffered as result of accident or "first impact" of the actual collision. However, that case involved a single automobile accident and injuries resulting from a single incident.

¶5 Here, the accidents were separate. Each accident was an individual occurrence. While there may be similarities between the accidents, the same could be said of any automobile accident, even if different plaintiffs and defendants were involved. Watson's contention that she suffered an "indivisible injury" is rejected. She purportedly received injuries from each automobile accident. The injuries from the first accident with Batton may have been exacerbated by the second accident with Bishop, but remain separate and distinct. The fact that the injuries may be difficult to separate does not, in itself, permit joinder of these completely different causes of action. The trial court did not err in determining a misjoinder of two causes of action.

¶6 Watson contended that even if these two actions may not be joined, the court erred in dismissing the case under § 2021, supra. We agree. The proper order would have been to sever the matter into two separate actions. Section 2021 is clear, misjoined actions are to be severed and proceeded with separately. The matter is remanded with directions to reinstate the action, then to sever the two actions, and to proceed separately with each of them.

¶7 REVERSED AND REMANDED.

JOPLIN, P.J. and CARL B. JONES, V.C.J., concur.